**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMAS PELICO-HERNANDEZ, | No. 10-71080 |
| Petitioner, | Agency No. A088-915-388 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2012**

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Tomas Pelico-Hernandez, a native and citizen of Guatemala, petitions for

review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

_____

    *     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Pelico-Hernandez established extraordinary circumstances to excuse his untimely application for asylum. *See* 8 C.F.R. § 1208.4(a)(5). Accordingly, we deny the petition as to Pelico-Hernandez's asylum claim.

Substantial evidence supports the BIA's finding that Pelico-Hernandez failed to establish the guerillas' actions in Guatemala were motivated by either his actual or imputed political opinion, or by his indigenous ethnicity. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"). With respect to his fear of future harm, the BIA found that Pelico-Hernandez failed to establish criminal gangs would persecute him on account of a protected ground. Pelico-Hernandez does not challenge this finding. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived). Accordingly, Pelico-Hernandez's withholding claim fails.

Finally, substantial evidence supports the BIA's denial of CAT protection because Pelico-Hernandez failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiesce of a public official in Guatemala. *See Soriano v. Holder*, 569 F.3d 1162, 1167 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**